

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00046-CR

MICHAEL DETHLOFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court No. 1812754, Honorable Julie Lugo, Presiding

July 27, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Michael Dethloff, was found guilty of arson of a habitation, a first-degree felony.[2]  In presenting this appeal, Appellant's counsel has filed a motion to withdraw supported by an *Anders*[3] brief.  We grant counsel's motion and affirm the judgment.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket-equalization efforts.  *See* TEX. GOV'T CODE § 73.001.

[2] *See* TEX. PENAL CODE § 28.02(a)(2).

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

On June 28, 2024, Appellant entered a guilty plea to the charged offense. The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a period of ten years. In May of 2025, the State filed its first amended motion to proceed to adjudication of guilt. The State alleged Appellant failed to comply with certain conditions of his community supervision order. Appellant pleaded "true" to the allegations that he failed to report to his supervision officer and complete a risk assessment as ordered. After presentation of the evidence, the trial court found the allegations to be true, adjudicated Appellant guilty, and sentenced him to 12 years' imprisonment. Appellant timely appealed from the judgment.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Judy C. Parker
Chief Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.